```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
    L&J INVESTMENT HOLDINGS LLC,                             :
                                                             :
                              Plaintiff,                     :
                                                             :               23-CV-135 (VSB)
                    -against-                                :
                                                             :                    ORDER
    SKYLOCK INDUSTRIES INC.,                                 :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

On January 6, 2023, Plaintiff L&J Investment Holdings LLC ("L&J") commenced this action by filing a Complaint against SkyLock Industries Inc. ("SkyLock"). (Doc. 1 ("Compl." or "Complaint").) On February 2, 2023, SkyLock filed a motion to dismiss for lack of personal jurisdiction and improper venue under Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure. (Doc. 10.) The Court now sua sponte DISMISSES the Complaint for lack of subject-matter jurisdiction without prejudice and with leave to replead.

L&J's Complaint predicates federal jurisdiction on the basis of diversity of citizenship. (Compl. ¶ 9.) L&J, however, is a limited liability company. (*Id.* ¶ 4.) Although the Complaint identifies L&J's principal place of business, it does not plead the citizenship of each of L&J's constituent members. The Complaint therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-cv-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties"). The Complaint also does not clearly allege the location of SkyLock's principal place of business. (Compl. ¶ 6.) Accordingly, on its face, the Complaint fails to properly plead the

existence of diversity jurisdiction. When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g.*, *Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-cv-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10-cv-8716, 2010 WL 5174953 (S.D.N.Y. Dec. 20, 2010) (same).

Accordingly, L&J's Complaint is DISMISSED without prejudice and with leave to replead. SkyLock's motion to dismiss for lack of personal jurisdiction and improper venue is denied as moot.

L&J has thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction. If L&J fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action. The Clerk of Court is respectfully directed terminate the motion pending at Doc. 10.

SO ORDERED.

Dated: February 22, 2024
       New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge